UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QUEENS COUNTY CRIMINAL COURT,
INC., et al.,

                              Plaintiffs,

        -against-

JANELLE ALEXANDRIA,

                              Defendant.

**ORDER**

25-CV-8537 (JAV)

JEANNETTE A. VARGAS, United States District Judge:

On October 15, 2025, Defendant Janelle Alexandria ("Defendant"), proceeding *pro se*, filed a Notice of Removal of an action pending in the Queens County Criminal Court ("Queens County Court"), docket number CR-029645-25QN, to this Court. (ECF No. 1, "Not. of Removal").  For the reasons set forth below, this matter is REMANDED to the Queens County Criminal Court.

## BACKGROUND

The Notice of Removal includes copies of the following documents, attached thereto as Exhibit A: (1) a Notice to Appear issued to Defendant by the Queens County Criminal Court; and (2) nine Traffic Tickets, dated August 12, 2025 (the "Traffic Tickets"), charging Defendant with, *inter alia*, operating an uninspected vehicle, operating an unregistered vehicle, operating a vehicle without insurance, and failure to comply with police.  Defendant does not set forth any basis for the propriety of this Court's exercise of subject matter jurisdiction over this removed criminal action, citing only to Article III, section 2 of the Constitution and claiming that this matter raises federal questions.

The following allegations are taken from the Notice of Removal and Exhibit A. On August 12, 2025, Defendant was traveling in a car on the Whitestone Bridge with her elderly mother. (Not. of Rem. at 4). As she attempted to get on the Van Wyck Expressway, she heard a siren. Not realizing that the siren was directed at her, Defendant did not stop her vehicle. (*Id.*). The police vehicle then swerved in front of her and Sergeant Joseph Casale ("Sergeant Casale") motioned for her to pull over. (*Id.* at 5). Defendant refused to provide Sergeant Casale with her driver's license or to exit the vehicle when request, stating that she was not obligated to identify herself. (*Id.*). Sergeant Casale informed Defendant that they would break her windows if she did not exit the car. (*Id.*). Additional officers arrived at the scene, dressed in tactical gear, and surrounded the car. (*Id.*). They then proceeded to break the car windows, and Defendant was placed under arrest. (*Id.*). Her car was searched, and her purse and driver's license were seized. (*Id.*). Defendant informed Sergeant Casale that she was not driving but was "traveling in her private capacity." (*Id.*).

Sergeant Casale issued Defendant nine traffic tickets for violations of the New York Vehicle and Traffic Law. (*Id.*, Ex. A). Defendant was held for approximately 18 hours, at which time she was assigned an attorney over her objection, who plead not guilty on her behalf. (*Id.* at 5-6).

Defendant removed that criminal proceeding from the Queens County Criminal Court on October 15, 2025. (Not. of Removal). Defendant alleges that the action raises federal questions regarding due process, the right to travel, freedom of speech, the right to be secure in person, and protection against cruel and unusual

2

punishment.  (*Id.* at 1).  Defendant claims to have removed this action pursuant to 18 U.S.C. §§ 241 and 242.  (*Id.*).

## ANALYSIS

A defendant removing a criminal action to a federal district court has the burden of establishing that such case is within the federal court's removal jurisdiction.  *Gonzalez v. Clark*, No. 19-CV-10542 (CM), 2019 WL 6878546, at *1 (S.D.N.Y. Dec. 16, 2019) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941)).  Federal courts, when analyzing underlying civil and criminal actions, are instructed to "construe the removal statute narrowly, resolving any doubts against removability," *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991)), and "[i]f it clearly appears on the face of the notice [of removal] and any exhibits annexed thereto that removal [of a criminal case] should not be permitted, the court shall make an order for summary remand," 28 U.S.C. § 1455(b)(4).

The notice of removal of a criminal action must be filed "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier," 28 U.S.C. § 1455(b)(1), and "[t]he filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded," 28 U.S.C. § 1455(b)(3).  Here, even construing the *pro se* Defendant's allegations liberally, the record is unclear if the procedural requirements of 28 U.S.C. § 1455(b)(1) have been met.  Defendant was

issued the Traffic Tickets on August 12, 2025.  The arraignment date is not set forth in the papers, but Defendant alleges that she was held in a cell for 18 hours and then arraigned.  The Notice of Removal was filed on October 15, 2025.  It thus appears that Defendant's removal may have been untimely.

However, even assuming Defendant had demonstrated compliance with the procedural requirements for removal, Defendant fails to include any facts within her Notice of Removal that would suggest removal of the criminal action properly falls within the narrow statutory requirements of 28 U.S.C. §§ 1442 or 1443.  Removal of a criminal action to federal court is restricted to the following extremely limited class of circumstances: 1) where a criminal action in State court is commenced against a federal officer or member of the armed forces for actions taken under the color of office, 28 U.S.C. § 1442(a); and 2) where a criminal action is commenced in State court and the defendant is "denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States," 28 U.S.C. § 1443(1); *see also Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)).

Defendant does not allege that she is a federal officer or a member of the armed forces, or that the Traffic Tickets were issued while she was undergoing actions taken "under the color of his office." 28 U.S.C. § 1442(a).  Defendant also fails to assert that she is unable to enforce a right in Queens County Criminal Court "under any law providing for the equal civil rights of citizens of the United States."  28 U.S.C. § 1443(1).  Instead, Defendant protests the nature and circumstances of the traffic stop, asserting that the stop and issuance of the Traffic Tickets violated her civil rights

4

(Not. of Removal at 4-6), which is an improper basis for removal.  *See New York v. Bey ex rel. McDaniel*, No. 24-CV-1779 (LTS), 2024 WL 2133857, at *2 (S.D.N.Y. Apr. 15, 2024).  Nowhere does Defendant claim that she was denied or was unable to enforce in the Queens County Criminal Court a right to racial equality that was denied to her, or that Defendant was "charged with exactly that conduct which a federal law explicitly makes legal." *People of State of New York v. Foster*, No. 86-CV-7126, 1987 WL 5356, at *2 (S.D.N.Y. Jan. 7, 1987).

Thus, for the above reasons, and as federal courts are instructed to "construe the removal statute narrowly, resolving any doubts against removability," *Lupo*, 28 F.3d at 274 (quoting *Somlyo*, 932 F.2d at 1046), the Court holds that removal is improper, and the action is remanded to Queens County Criminal Court.  *See* 28 U.S.C. § 1455(b)(4).

<b><u>CONCLUSION</u></b>

Based upon the foregoing, the Court concludes that Defendant has failed to satisfy her burden of establishing that removal of the Traffic Tickets is proper. Accordingly, this action is REMANDED to the Criminal Court, County of Queens. The Clerk of the Court is respectfully directed to send a copy of this Order to the Criminal Court, County of Queens, and to close this action.  All pending matters are hereby terminated.

**SO ORDERED:**

Dated: New York, New York
         December 30, 2025

_____
JEANNETTE A. VARGAS
United States District Judge

5